**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 6 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JACK McCARTER,

      Petitioner-Appellant,

v.

RONALD J. CHAMPION,

      Respondent-Appellee.

No. 99-5240
(D.C. No. 97-CV-806-C)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY, PORFILIO,** and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant was convicted in an Oklahoma state court of first degree murder for the death of his two-year-old son, and he was sentenced to life imprisonment

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

without the possibility of parole. After his conviction was affirmed on appeal, defendant filed a petition for writ of habeas corpus in federal district court, pursuant to 28 U.S.C. § 2254. The district court denied the petition and also denied the motion for a certificate of appealability. Consequently, this appeal will not be allowed unless we issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). We will issue the certificate only if defendant "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

In the habeas petition, defendant claimed denial of his constitutional rights resulting from the following asserted errors: (1) the trial court allowed irrelevant and prejudicial testimony of alleged other crimes; (2) defendant's wife's testimony that she feared defendant rendered his trial unfair; (3) the evidence was insufficient to support the conviction (4) the trial court did not grant a mistrial after an "evidentiary harpoon;" (5) the prosecutor made improper remarks in the closing statement; (6) the sentence was excessive; and (7) the jury was not properly instructed as to the elements of the offense. Defendant asserts these same arguments on appeal, but he also adds an argument: that he did not receive effective assistance of trial and appellate counsel. Because defendant did not raise the ineffective assistance of counsel arguments in his habeas petition before the district court, we will not consider them on appeal. *See Lighton v. University of Utah*, 209 F.3d 1213, 1224 (10th Cir. 2000).

For substantially the reasons stated by the district court in its order denying habeas relief, [1] we hold that defendant has not made a substantial showing of the denial of a constitutional right. Consequently, we deny the application for a certificate of appealability and DISMISS the appeal. The mandate shall issue forthwith.

Entered for the Court


Michael R. Murphy
Circuit Judge

---

[1] In a habeas matter, a petitioner is entitled to relief only if he can establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Because the Oklahoma Court of Criminal Appeal's application of the harmless error standard articulated in *Chapman v. California*, 386 U.S. 18, 23-24 (1967), was neither contrary to, nor an unreasonable application of, Supreme Court precedent, the district court should not have conducted its own harmless error analysis under the standard set forth in *Kotteakos v. United States*, 328 U.S. 750, 776 (1946). The result is the same, however, under either analysis: the error was harmless.